# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00057-CMA-BNB

ALEXI ATENCIO,

Plaintiff,

v.

BITECH, INC. d/b/a Performance Bicycle Shop, Inc. a/k/a Performance Bike Denver a/k/a Performance Bicycle;
MARTEC INDUSTRIAL, INC. a/k/a Martek a/k/a Martec Industrial Corporation; and
LONGDA TECHNOLOGIES, LTD.,

Defendants.

## PROTECTIVE ORDER

Plaintiff and Bitech, Inc., agree that certain information to be produced in this case may be confidential, proprietary, and/or protected by the right of privacy and should be kept confidential through the course of this action and thereafter and not be used for any other purpose other than this litigation.

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff and Bitech, Inc., agree the following protective provisions governing certain documents and/or other information as specified in paragraph 1, below, and designated as confidential, proprietary, and/or private be imposed upon all designated discovery and litigation proceedings in this action, whether such discovery and litigation proceedings be directed at a party to the litigation or another person or entity.  ~~The Court hereby Orders as follows:~~

1

**IT IS ORDERED:**

1.      The document titled Performance, Inc.'s Vendor Requirements [BiTech011-045] will be designated confidential and word "confidential" will be stamped on each page.

2.      Documents designated "confidential" shall be shown only to Plaintiff and Bitech, Inc., their attorneys, and their experts or other persons whom the attorneys or the Court deem necessary to review the documents for the prosecution or defense of this lawsuit.  Any person receiving documents designated as "confidential" shall be provided with a copy of the Protective Order and shall agree, in writing, to be bound by the terms of the Protective Order.

3.      Upon completion of this matter, by dismissal, judgment or any other fashion, all "confidential" materials shall be returned to the producing party or destroyed by the receiving party within 10 days of completion.  If disposed by destruction, the receiving party must present the producing party with a certification setting forth the manner and date on which said destruction occurred.

4.      Counsel who discloses confidential information to a retained expert shall be responsible for communicating to such expert the requirement of compliance with the terms of this Protective Order by any retained experts to whom such confidential information is disclosed and shall obtain and retain the original affidavits signed by the retained experts agreeing to maintain the confidentiality of confidential information, and shall maintain a list of all experts to whom any confidential information is disclosed.

5.      A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential information to file an appropriate motion, after first complying with the Court's order regarding discovery disputes, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential information and shall not thereafter be treated as confidential information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential information shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential information.

6. ~~In the event it is necessary for Plaintiff and Bitech, Inc. to file confidential information with the Court in connection with any proceeding or motion, the confidential information shall be filed in accordance~~ **Any request to restrict access must comply** with the requirements of D.C.COLO.LCiv.R 7.2.

7. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

8. By agreeing to the entry of this Protective Order, Plaintiff and Bitech, Inc. adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither

the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

9. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

Dated July 27, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge